# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRAIG SCHOULTZ,**

       **Plaintiff**,

  -vs-

**SWENSON SPREADER LLC**                         Case No. 12-C-1281
**and**
**LOUIS BERKMAN WORK PRODUCTS**
**COMPANY f/k/a LOUIS BERKMAN WINTER**
**PRODUCTS COMPANY,**

       **Defendants**,

**and**

**NATIONWIDE MUTUAL INSURANCE COMPANY,**

       **Proposed Intervenor Plaintiff.**

## DECISION AND ORDER

Plaintiff Craig Schoultz ("Schoultz") filed this products liability action against Defendants Swenson Spreader LLC ("Swenson") and Louis Berkman Work Products Co. ("Louis B.") (collectively the "Defendants") in the Circuit Court of Walworth County, Wisconsin on November 14, 2012. The Defendants, pursuant to 28 U.S.C. §§ 1441 and 1446, removed the action to this Court on the basis of diversity jurisdiction afforded by 28 U.S.C. § 1332. Louis B. filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim. (ECF No. 9.) Nationwide Mutual Insurance

Company ("Nationwide") filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. (ECF No. 18.) The pending motions are ready for resolution and are addressed herein.

## I.     BACKGROUND

Schoultz alleges that on December 10, 2009, while using a tailgate spreader produced by Swenson and Louis B., his hand was pulled into the auger, causing injuries to his hand and arm. At the time of his injury, Schoultz was working for DeLuca & Hartman, Nationwide's insured. On December 22, 2009, pursuant to its policy with DeLuca & Hartman, Nationwide began paying Schoultz worker's compensation benefits, including his medical expenses.

On November 10, 2011, Schoultz filed a two-count Complaint in Cook County, Illinois, alleging that the Defendants were negligent in the design of their tailgate spreader and strictly liable for introducing a defective and unreasonably dangerous product into the stream of commerce.

Pursuant to § 1441, the Defendants successfully removed the action to the Northern District of Illinois on the basis of diversity jurisdiction. They also filed a motion to dismiss based on a *forum non-conveniens* ground. The motion was granted.

On November 14, 2012, Schoultz filed an identical action in Wisconsin state court. The Defendants removed the action to this Court, asserting diversity jurisdiction pursuant to § 1441. Swenson filed an answer. Louis B. filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim.

On May 28, 2013, Nationwide filed a motion to intervene. Swenson opposes Nationwide's motion, asserting that it is untimely; Nationwide's interest in the litigation will not be impaired if it is not a party to the action; and, if Nationwide successfully intervenes, this Court will lose subject matter jurisdiction.[1] Schoultz did not file any response to Nationwide's motion, and the deadline for doing so has passed.

## II. DISCUSSION

The Court begins by addressing Louis B.'s motion to dismiss.

### A. LOUIS B.'S MOTION TO DISMISS

Federal district courts are courts of limited jurisdiction and only have personal jurisdiction over matters that a court of the state in which they sit would have the same jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). To determine whether the Wisconsin courts would have jurisdiction over Louis B., the Court must first determine whether Wisconsin law subjects Louis B. to jurisdiction. *See id.* If so, this Court will then ascertain whether the exercise of personal jurisdiction conforms to federal due process. *See id.*

Schoultz has the burden of establishing personal jurisdiction. *See GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In situations like the instant action, when a defendant's motion is based solely on the written

---

[1] Louis B. states that because of its outstanding motion to dismiss for lack of personal jurisdiction and its desire to preserve these jurisdictional arguments, it did not file a brief in opposition to Nationwide's motion. However, consent to Nationwide's intervention should not be inferred from the absence of an opposing brief from Louis B.

- 3 -

materials submitted, without the benefit of an evidentiary hearing, the plaintiff is only required to make a *prima facie* showing of personal jurisdiction. *See id.*

### 1. Wisconsin Long-Arm Statute

Wisconsin's long-arm statute, states that Wisconsin courts have jurisdiction over any action in which the defendant "[i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise[,]" or any action

> claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either: (a) [s]olicitation or service activities were carried on within this state by or on behalf of the defendant; or (b) [p]roducts, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis. Stat. §§ 801.05(1)(d), (4).

Louis B. denies any involvement in the production or sale of tailgate spreaders and maintains that it does not conduct business in Wisconsin, which would place it outside of the statute. However, because the Wisconsin long-arm statute is interpreted to confer jurisdiction "to the fullest extent allowed under the due process clause," the Court will analyze whether its exercise of personal jurisdiction would upset federal due process. *See Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (internal quotation omitted).

### 2. Federal Due Process

To establish personal jurisdiction that satisfies the Due Process Clause, the

- 4 -

defendant must have minimum contacts with the state in which the suit is brought. *See GCIU*, 565 F.3d at 1023. The level of contacts depends on the type of personal jurisdiction the plaintiff asserts. *See id.* For general jurisdiction—a suit neither arising out of nor related to the defendant's contacts with the state—the defendant must conduct systematic and continuous business within the forum. *See id*. For specific jurisdiction—a suit arising out of the defendant's contact with the forum state—a plaintiff must only show minimum contacts. *See Purdue*, 338 F.3d at 780. The test for specific jurisdiction is essentially one of fairness: could the defendant reasonably foresee being haled into court "*with respect to this litigation.*" *Id.* (emphasis original).

### a. General Jurisdiction[2]

Schoultz alleges that Louis B. "designed, manufactured, distributed, sold and/or otherwise placed a certain Swenson Tailgate Spreader into the stream of commerce." (Compl. ¶ 6.) Louis B. denies the allegation. However, even if Schoultz's allegation was proven, it would not suffice to establish general jurisdiction. In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court ruled that simply entering products into the stream of commerce is insufficient to confer general jurisdiction. __U.S.__, 131 S.Ct. 2846, 2855 (2011). Without a greater showing of contacts, enough to be systematic and continuous, this Court does not have general

---

[2] Neither Schoultz nor Louis B. specify the theory that purportedly creates personal jurisdiction. Consequently, the Court analyzes both general and specific jurisdiction.

- 5 -

Case 2:12-cv-01281-RTR   Filed 08/16/13   Page 5 of 16   Document 27

jurisdiction over Louis B.

### b. Specific Jurisdiction

To determine whether specific jurisdiction applies, the Court must conduct a three part inquiry:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

*GCIU*, 565 F.3d at 1023 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ("*Reimer*")). If Louis B. does not have minimum contacts with the forum state under the second step, the Court's personal jurisdiction analysis ends. *See Reimer*, 230 F.3d at 944.

Schoultz contends that Louis B. produces and sells the type of tailgate spreader that injured him. If true, this might be sufficient minimum contacts to support personal jurisdiction over Louis B.[3] However, Louis B. denies the contention and filed an affidavit of its president, Andrew Outcalt, in which he avers that Louis B. takes no part in the production or sale of any Swenson product, including the line of tailgate spreaders in question. (Def.'s Ex. B, ¶6.) (ECF. No 16.) Once the defendant provides evidence in opposition, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338

---

[3] Swenson concedes personal jurisdiction, presumably because it produces and sells the type of tailgate spreader in question, establishing minimum contacts with the state of Wisconsin.

- 6 -

F.3d at 783. The Court resolves any disputes in the evidence in favor of the plaintiff, but it is still the plaintiff's burden to prove jurisdiction with a *prima facie* showing. *See id.*

Schoultz has not met his burden. He merely alleges in his Complaint that Louis B. produced and sold the product that injured him; he proffers no evidence to support his allegation. In Schoultz's opposition brief, he does not argue the point. Rather, Schoultz requests preliminary discovery to determine whether Louis B. is subject to personal jurisdiction in Wisconsin. Without supporting evidence, Schoultz has not established a *prima facie* case. This Court does not have personal jurisdiction over Louis B. based on its alleged production and sale of the tailgate spreader.

Louis B. asserts, and Schoultz does not contest, that it is a holding company and sole owner of Swenson. This fact alone does not establish personal jurisdiction over Louis B.: "stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact." *Reimer*, 230 F.3d at 943. Instead, the owner must "exercise an unusually high degree of control over the subsidiary." *Id.*

Schoultz has not pled any facts indicating that Louis B. maintained a high degree of control over Swenson. Rather, Schoultz appears not to have been aware of the type of corporate relationship between the Defendants until Louis B. brought its motion to dismiss. Schoultz has not made a *prima facie* showing of jurisdiction. Therefore, he has not established that this Court has personal jurisdiction over Louis B. based on its ownership of Swenson.

### 3. Discovery

Schoultz asks this Court to defer consideration of the motion to dismiss or to deny it without prejudice and allow him to conduct preliminary discovery to determine the corporate relationship between Swenson and Louis B. In effect Schoultz is asking this Court to allow him to conduct discovery so that he may build a *prima facie* showing of personal jurisdiction. However, this Court can allow discovery, limited to issues of jurisdiction, only if the plaintiff "establish[es] a colorable or *prima facie* showing of personal jurisdiction." *GCIU*, 565 F.3d at 1026 (quoting *Reimer*, 230 F.3d at 946). Schoultz asks this Court to put the evidentiary cart before the horse. Schoultz must establish a *prima facie* case *before* he has access to discovery, not the other way around. Schoultz provided no evidence to support this Court's personal jurisdiction over Louis B., and he has not established a *prima facie* showing of personal jurisdiction. Thus, he is barred from engaging in discovery as to Louis B.

### B. NATIONWIDE'S MOTION TO INTERVENE

### 1. Intervention as of Right

Nationwide first argues that the Wisconsin Worker's Compensation Act ("WWCA") allows Nationwide to intervene as a matter of right. WWCA states that "[a]n employer or compensation insurer that has paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death." Wis. Stat. § 102.29(1)(a).

However, the Court of Appeals for the Seventh Circuit has ruled that intervention is purely a procedural right, and even when sitting in diversity, the Federal Rules of Civil Procedure, not state law, dictate the rules of intervention. *Williams v. Katz*, 23 F.3d 190, 192 (7th Cir. 1994). Therefore, the Court looks to the Federal Rules of Civil Procedure for guidance, not WWCA. *See id.*

Nationwide argues that, pursuant to Rule 24(a), this Court must allow it to intervene in this action. Rule 24(a) states:

> [o]n a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a) requires a four-step inquiry. *Nissei Sangyo Am. Ltd., v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). The party seeking to intervene must: "(1) make [a] timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired, 'as a practical matter,' by the actions' disposition and (4) lack adequate representation of the interest by the existing parties." *Id.*

The parties do not dispute that WWCA gives Nationwide an adequate interest in the action. Instead, Swenson argues that this Court need not grant Nationwide's Rule 24(a) motion to intervene because the motion is untimely and Nationwide's interest will not be impaired. As a threshold question, this Court analyzes the timeliness of Nationwide's motion and then addresses whether Nationwide's interest

- 9 -

will be impaired by this action. *See Schultz v. Connery*, 863 F.2d 551, 552 (7th Cir. 1988).

### a. Timeliness

The Seventh Circuit interprets the timeliness requirement flexibly, and it is largely left to the discretion of district courts. *See Nissei Sangyo*, 31 F.3d at 438 ("The [district] court's determination of the first factor—timeliness—is reviewed for abuse of discretion."). The timeliness requirement's intent is to prevent a litigant from "dragging its heels" after learning of a lawsuit. *Id.* (citing *United States v. City of Chi.*, 870 F.2d 1256, 1263 (7th Cir. 1989)). This test is essentially a reasonableness standard: interveners must be reasonably diligent in learning of suits that might impair their rights and act reasonably promptly when they discover one. *Id.*

Nationwide maintains that it was unaware of Schoultz's suit until about March 19, 2013, when Mary E. Hughes ("Hughes"), one of its attorneys, performed an internet search to determine whether Schoultz had filed a lawsuit. (Hughes Aff. Supp. Nationwide Mot. Intervene.) (ECF No. 20.) Within ten days, on March 28, 2013, Nationwide contacted Schoultz's attorney in an attempt to join the suit. (Ex. B.)

On April 4, 2013, Schoultz informed Nationwide that he would not amend his Complaint to add Nationwide as a plaintiff, (Ex. C.) Nationwide filed its motion on May 28, 2013, a little more than two months after becoming aware of Schoultz's suit, and a month and a half after Schoultz declined to amend his Complaint. The Court

finds that Nationwide did not "drag its heels" in filing this motion, rather it judiciously undertook the proper procedures to gain entry into this action. *See Nissei Sangyo*, 31 F.3d at 438.

Swenson argues that Nationwide is barred from entering this suit because the three-year statute of limitations on Schoultz's underlying claim has expired. This argument is incorrect for two reasons. First, Wisconsin courts have ruled that in actions where insurance companies seek reimbursement under WWCA, the statute of limitations tolls from the plaintiff's original filing. *Guyette v. W. Bend Mut. Ins. Co.*, 102 Wis. 2d 496, 307 N.W.2d 311, 313 (Wis. Ct. App. 1981). Because Schoultz filed this case within the statute of limitations, Nationwide's motion to intervene is not barred. Second, the Seventh Circuit has ruled that Rule 24(a)'s timeliness inquiry revolves around the time when the intervener *learns of the lawsuit*, and is not dependent on the statute of limitations of the underlying action. *Nissei Sangyo*, 31 F.3d at 438; *see also Schultz*, 863 F.2d at 551 (finding a motion to intervene timely despite it being filed after the statute of limitations had run). Therefore, because the timing of Nationwide's motion was reasonable, this Court finds it timely.

### b. Nationwide's Impaired Interest

The Seventh Circuit has held that WWCA grants an interest to third parties like Nationwide under Rule 24(a), *see Schultz*, 863 F.2d at 554. However, Swenson contends that Nationwide's interest is not impaired if it is not allowed to intervene.

WWCA states that "the liability of the tort-feasor shall be determined as to all

parties having a right to make claim, and, irrespective of whether or not all parties join in prosecuting the claim, the proceeds of the claim shall be divided . . ." Wis. Stat. § 102.29(1)(b). As long as interested parties, including insurance companies paying disability benefits, file a notice with the court they are able to share in the proceeds of the action. *See Guyette*, 307 N.W.2d at 313-14.

In *Schultz*, Advance Transportation Company ("Advance") sought to intervene in a personal injury suit commenced by one of its employees against the driver who injured him. 863 F.2d at 552. The Seventh Circuit ruled that because WWCA allows employers and insurance companies that have paid lawful worker's compensation claims to recover from a third-party action by simply filing a notice with the court, their financial interest in the suit was not impaired if they did not intervene. *Id.* at 554-55. Similarly, the court found Advance's interest coincided with the plaintiff's: the larger the recovery, the more money would be available for both Advance and the plaintiff. *Id.* at 555. Therefore, the Seventh Circuit ruled that Advance's interest would not be impaired if it was not allowed to intervene. *Id.* Advance did not meet the requirements of Rule 24(a), so the court denied Advance's motion to intervene. *Id.*

Nationwide's interest in this action is not distinguishable from Advance's in *Schultz*. Under WWCA, Nationwide is entitled to recover by simply filing a notice with the Court. Despite having to share his proceeds with Nationwide, it is still in Schoultz's interest to maximize his recovery. Under Rule 24(a), Nationwide interests

will not be impaired if it is unable to intervene in this action. Thus, Nationwide cannot intervene as a matter of right.

### 2. Permissive Intervention

In the alternative, Nationwide has asked this Court to allow it to intervene under Rule 24(b). Rule 24(b) states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." As the name implies, "[p]ermissive intervention is within the discretion of the district court." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007).

Nationwide's motion is timely. In addition, Nationwide argues, and Swenson does not contest, that its claim "shares . . . a common question of law or fact" with Schoultz's action. However, Swenson requests denial of Nationwide's motion to intervene because adding Nationwide as a party would deprive this Court of subject matter jurisdiction.

Federal courts are courts of limited subject matter jurisdiction, only able to hear actions that Congress has designated. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). In their notice of removal the Defendants alleged diversity jurisdiction under 28 U.S.C. § 1332. For diversity jurisdiction to exist the matter in controversy must exceed $75,000 and the parties must be citizens of different states. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). There must be complete diversity between the parties. *See Newman-Green, Inc. v. Alfonzo-*

- 13 -

Case 2:12-cv-01281-RTR   Filed 08/16/13   Page 13 of 16   Document 27

*Larrain,* 490 U.S. 826, 829 (1989).

All parties agree that the amount in controversy exceeds $75,000. However, Swenson alleges, and Nationwide does not dispute, that both it and Nationwide are corporations domiciled in the state of Ohio. If Nationwide entered the action as a plaintiff it would destroy complete diversity.

Swenson further contends that 28 U.S.C. § 1367 specifically bars this Court from exercising supplemental jurisdiction over Nationwide, because the sole basis for jurisdiction is diversity and Nationwide would be added under Rule 24. *See TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634-35 (7th Cir. 2003) (finding the language of § 1367 "as clear as it could be" and ruling that § 1367 prevents federal courts from exercising supplemental jurisdiction over claims that would be inconsistent with § 1332). Nationwide does not contest that its intervention would destroy complete diversity, but it asks this Court to allow it to intervene anyway.

Nationwide cites *Aurora Loan Services, Inc. v. Craddieth*, which explains that "[t]he evident purpose of [§ 1367], however, is to prevent a two-step evasion of the requirement of complete diversity of citizenship by a person who, being of the same citizenship as the defendant, waits to sue until a diverse party with which it is aligned sues the defendant, and then joins the suit as an intervening plaintiff." 442 F.3d 1018, 1025 (7th Cir. 2006). In *Craddieth*, the proposed intervener, Midwest Real Estate Investment Co. ("Midwest"), had common citizenship with the defendant, Frank Craddieth, which would have destroyed the court's diversity jurisdiction. *Id.* at 1024.

- 14 -

Case 2:12-cv-01281-RTR   Filed 08/16/13   Page 14 of 16   Document 27

Midwest sought to intervene in a suit between Craddieth and his creditor after a district court vacated Midwest's purchase of Craddieth's foreclosed home because Craddieth found alternative means for repaying his loan before the sale. *Id.* at 1021. The Seventh Circuit held that, because Midwest had no interest in the outcome of the suit when it was filed, its intervention did not upset the intent of § 1367 and, ,therefore, the original action provided supplemental jurisdiction for Midwest's claim. *Id.* at 1025.

Nationwide asserts that it is not attempting to evade the complete diversity requirement and thus should be allowed to intervene in the suit. However, *Craddieth* is distinguishable from this case. Because WWCA allows insurers to collect their disability payments from tort-feasors, Nationwide's interest in the case began when Schoultz was injured, not when he initiated this suit. Nationwide could have filed suit independently of Schoultz under WWCA and, if it proved liability, collected from Swenson. Nationwide might not have learned of this suit until March 19, 2013, but it clearly knew of Schoultz's injury as of December 22, 2009, when it began disability payments. (Ex. A.) While Nationwide might not be attempting to bypass complete diversity, it does not fit into the narrow *Craddieth* exception. Nationwide's intervention fits squarely within the intent of § 1367 and cannot receive supplemental jurisdiction from Schoultz's claim.

Because Nationwide's intervention would destroy this Court's subject matter jurisdiction, the Court will not allow it to intervene under Rule 24(b).

### III. CONCLUSION

This Court lacks personal jurisdiction over Louis B. and grants Louis B.'s motion to dismiss on the ground of lack of jurisdiction pursuant to Rule 12(b)(2). Because the finding is dispositive, the Court declines to address the remaining ground for Louis B.'s motion under Rule 12(b)(6) for failure to state a claim.

Furthermore, Nationwide cannot intervene as a matter of right and the Court will not allow Nationwide to intervene because it would destroy subject matter jurisdiction. Therefore, Nationwide's Rule 24 motion to intervene is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Louis B.'s motion to dismiss (ECF No. 9) is **GRANTED** with respect to lack of personal jurisdiction, and **DENIED AS MOOT** with respect to failure to state a claim;

This action as to Louis B. is **DISMISSED**; and

Nationwide's motion to intervene (ECF No. 18) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 16th day of August, 2013.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**